UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA BANNER,

    Plaintiff,

v.                                          CASE NO: 8:10-cv-2661-T-23TGW

GUY R. DECKER, PENNY J. GALLUPO,
BANK OF AMERICA, N.A.,

    Defendants/Counter-claimants,

v.

LAURA BANNER and UNITED STATES
OF AMERICA,

    Counter-defendants.
_____/

**ORDER**

On June 15, 2010, the plaintiff sued (Doc. 2) in state court to quiet title to real property purchased by the plaintiff after the foreclosure of a tax lien by the Internal Revenue Service (the "IRS"). The defendants Penny Gallupo and Guy Decker answered and asserted a counterclaim (Doc. 3) against both the plaintiff and the United States. The counterclaim asserts jurisdiction under 28 U.S.C. § 2410(a)(1) ("Section 2410") and challenges the merit of the tax assessment against Gallupo and Decker. The United States removes (Doc. 1) and moves (Doc. 12) to dismiss the counterclaim. Gallupo and Decker respond (Doc. 14) in opposition and again challenge the merit of the tax assessment.

The United States is amenable to suit to the extent that the United States expressly and unambiguously waives of sovereign immunity. <u>Preserve Endangered</u>

Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 87 F.3d 1242, 1249 (11th Cir. 1996).  A statute permitting an action against the United States receives a strict construction.  87 F.3d at 1249.  Section 2410 permits an action against the United States to quiet title to "real or personal property on which the United States has or claims a mortgage or other lien."  However, a taxpayer cannot challenge under Section 2410 the merit of the assessment underlying an IRS lien.  Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991).  Additionally, Section 7421(a) of Title 26, United States Code, prohibits an action "for the purpose of restraining the assessment or collection of any tax . . . whether or not such person is the person against whom such tax was assessed."

Accordingly, the motion (Doc. 12) by the United States is **GRANTED**, and the counterclaim is **DISMISSED**.  Jurisdiction over the remaining state law claim is **DECLINED** in accord with 28 U.S.C. § 1367(c), and this action is **REMANDED** to the Circuit Court for Pasco County.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pasco County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on February 2, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE